J-S21019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY LEO LICIAGA | |
| Appellant | No. 2412 EDA 2015 |

Appeal from the PCRA Order July 6, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003464-1989

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:                **FILED MARCH 22, 2016**

Harry Leo Liciaga appeals, *pro se*, from the trial court's order denying his petition for writ of habeas corpus, which the court treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  After careful review, we affirm.

In 1990, Liciaga was convicted by a jury of second-degree murder, burglary, criminal trespass, theft by unlawful taking, receiving stolen

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Although the trial court interpreted Liciaga's motion as one filed under the PCRA, we note that a writ of habeas corpus is the appropriate avenue to seek relief for his claim that he is being illegally detained by the Department of Corrections (DOC).  **See Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014).  However, it is well settled that we may affirm the trial court on different grounds.  **Commonwealth v. Thompson**, 778 A.2d 1215, 1223 n.6 (Pa. Super. 2001).

property (RSP) and criminal conspiracy. Liciaga was sentenced to serve a term of life imprisonment. Liciaga filed post-sentence motions and a direct appeal, which afforded him no relief. On May 19, 1997, Liciaga filed a PCRA petition. After an evidentiary hearing, his petition was denied. On collateral appeal, our Court affirmed the PCRA court's order. On May 27, 2015, Liciaga filed the instant *pro se* motion for habeas corpus relief. On July 6, 2015, the trial court denied Liciaga's request for relief, interpreting his motion as a PCRA petition. *See* Trial Court Order, 7/6/15, at 1-2. This appeal follows.

On appeal, Liciaga claims that he is being illegally detained because the DOC is unable to produce a written sentencing order containing proper statutory authorization for his confinement.

In **Joseph**, **supra**, the defendant made a similar argument to the one Liciaga advances in his petition for habeas corpus relief. The defendant in that case also filed a petition for writ of habeas corpus, claiming that his current sentence was illegal because the DOC did not have a written copy of his sentencing order. However, because the trial court determined that the record contained either a transcript of the defendant's sentencing hearing or a separate, valid sentencing order, the court found that "the existent record authorized [the defendant's] incarceration." **Id.** at 368. On appeal, our Court held that:

> The trial court properly reviewed the record and discovered a valid sentencing order contained therein. **Moreover, the trial court correctly concluded that, even in the absence of a written sentencing order, the DOC had continuing**

> **authority to detain [the defendant]. We discern no abuse of discretion in the trial court's conclusion.**

*Id.* at 372 (emphasis added). While a petition for writ of habeas corpus is the proper vehicle for Liciaga's illegal detention claim, *Joseph* makes it clear that "section 9764[2] neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within." *Id.* at 371.

Instantly, the DOC produced a Lehigh County sentencing order, at Liciaga's request, that confirms that Liciaga was tried by a jury, found guilty of criminal homicide, burglary, criminal trespass, theft by unlawful taking, and RSP, and sentenced to a term of life imprisonment. Moreover, the certified record contains notes of testimony from Liciaga's sentencing hearing where the Honorable John E. Backenstoe ordered that he serve a life sentence. N.T. Sentencing Hearing, 11/1/90, at 20. Accordingly, we conclude that the trial court did not abuse its discretion[3] in dismissing Liciaga's motion where the existing record authorizes Liciaga's incarceration. *Joseph*, 96 A.3d at 372; *Travis v. Giroux*, 83 A.3d 525 (Pa. Cmwlth. 2013).

Order affirmed.

_____

[2] *See* 42 Pa.C.S. § 9764 (listing information required upon commitment of inmate to custody of DOC).

[3] The standard of review on appeal following the grant or denial of a habeas corpus petition is whether the trial court abused its discretion. *In re Garcia*, 984 A.2d 506 (Pa. Super. 2009).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2016